IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Timothy L. Harney and Patricia A. Muldoon, | ) ) | |
| *Plaintiffs,* | ) | |
| *-vs-* | ) | No. 07 CV 2814 |
| City of Chicago, Chicago Police Officer Joseph Midona, Jr., and Pamela DeVarela, | ) ) ) | *(Judge Lefkow)* |
| *Defendants.* | ) | |

## PLAINTIFFS' MOTION TO ALTER JUDGMENT

Pursuant to Rule 59(a) of the Federal Rules of Civil Procedure and *Sanders v. Village of Dixmoor, Ill.*, 178 F.3d 869, 870 (7th Cir. 1999), plaintiffs move the Court to alter and amend its judgment in favor of defendants on the following issues:

1. The arrest of Harney on the front walkway of the condominium building (Mem.Op. 11); and

2. The arrest of Muldoon in her home. (Mem.Op. 12-13.)

Grounds for this motion are as follows:

### I. The Arrest of Harney on the Front Walkway

The Court accepted plaintiff Harney's showing that he was within the curtilage of his property when Midona told him that he was under arrest. (Mem.Op. 11.) The Court recognized that the Fourth Amendment extends to the curtilage. *Id.* The Court found, however, that at the time of his arrest, Harney had been standing in an area that "any visitor to the

building would use to enter and exit or the mail carrier would use to deliver mail," (Mem.Op. 11), and that "this area was exposed to the public and used by others residing in the building." (Mem.Op. 11.) There is no record support for either finding.

Defendants advanced five factual contentions to support their claim (which plaintiffs contested), that Harney had been arrested in a "public place." (Def.Mem., Record Item 59, 9.) These contentions appear at paragraphs 42 through 46 of defendants' Rule 56.1 statement and are as follows:

> 42. On the morning of May 18, 2005, Harney met Officers Midona, Kourakis, and Ekerman on the front walkway of the condominium at the front gate — which is outside of Harney and Muldoon's condo unit.

> 43. Harney testified that he had a discussion with the officers while on the front walkway of the condominium and Officer Midona told him that he had come to arrest him.

> 44. Harney testified that the very first thing Officer Midona said to him was —I've come here to arrest you.

> 45. While on the front walkway of the condominium, Harney was told by Officer Midona that there was a tape of Harney letting a little air out of the tire of DeVarela's car.

> 46. The officers, while still outside, told Harney that they wanted to talk to Muldoon about keying DeVarela's car and Officer Midona told him that he had viewed the videotape of the car-keying the night before.

None of these assertions placed in issue the contention relied on by the Court that plaintiff had been arrested in a place where "any visitor to

the building would use to enter and exit or the mail carrier would use to deliver mail." (Mem.Op. 11.) Nor did defendant Midona place in issue the contention that "this area was exposed to the public and used by others residing in the building." *Id.*

In *United States v. Villegas*, 495 F.3d 761 (7th Cir. 2007) (the primary authority on which the Court relied), the Seventh Circuit noted that the question of whether there is a "legitimate expectation of privacy in a common area of a duplex or other small multi-family dwelling" turns on a "fact-dependent … inquiry." *Id.* 768-69. The summary judgment record in this case does not permit this type of inquiry.

Nothing in defendant's Rule 56.1 statement speaks to whether the area in which plaintiff Harney was arrested is an area that is "exposed to the public." Nor is there anything in defendant's Rule 56.1 statement that relates to whether the area in which plaintiff Harney was arrested is one "used by others residing in the building." There is no mention of mailboxes in defendant's Rule 56.1 statement.

Contrary to the Court's finding, the "the mail carrier" does not walk past the locked gate to plaintiff's condominium unit, but delivers mail to a mailbox outside of the gate. (Exhibit 1, Harney Affidavit, par. 2.) Similarly, visitors to plaintiff's condominium unit cannot freely enter onto

-3-

the property, but (unless they circumvent the closed gate and fence, as did defendant Midona), must obtain permission from plaintiffs to enter the property. (Exhibit 1, Harney Affidavit, par. 3.)

The summary judgment record in this case also falls far short of establishing that, as in *United States v. Concepcion*, 942 F.2d 1170 (7th Cir. 1991), "[t]he vestibule and other common areas are used by postal carriers, custodians, and peddlers." *Id.* at 1172. The Court should therefore reconsider and deny summary judgment on this issue.

## II.   The Arrest of Muldoon in Her Home

Plaintiff Muldoon was arrested in her home; the arresting officers did not have a warrant of any sort. The Court concluded that the arrest "would be valid only if either she or Harney consented to the officers' presence in their home." (Mem.Op. 12.)   The Court found the actions of plaintiffs constituted "implied consent to the officer's presence in their home." (Mem.Op. 13.) This conclusion is at odds with the decision of the Seventh Circuit in *Hadley v. Williams*, 368 F.3d 747 (7th Cir. 2004).

In *Hadley*, the plaintiff's sister had opened the door to the police who entered and arrested the plaintiff.   The district court granted summary judgment, finding that there had been consent to the entry into the dwelling but the Seventh Circuit reversed.

In this case, plaintiff Harney walked into the condo unit to speak with his wife. (Plaintiffs' Additional Fact 46, Document 67 at 24.) He did not invite the officers into the condo. (Plaintiffs' Response to Defendants' Rule 56.1 Statement, par. 51, Record Item No. 67 at 11-12; Plaintiffs' Additional Facts par. 43, Record Item No. 67 at 23 .) This falls short of establishing consent under the standard that the Seventh Circuit applied in *Hadley*.

This Court based its finding of consent on *Gerald M. v. Connelly*, 858 F.2d 379 (7th Cir. 1988). There, a mother had acquiesced in a police officer's entry into her home. *Id.* at 385. Once the officer was in the home, the mother "simply waited for her sons and warned [the officer] of a puppy in the kitchen." The Seventh Circuit held that these facts, which are different than those presented in this case, established consent.

In this case, unlike *Gerald M.*, plaintiff did not invite the officers into the home. Plaintiff walked through a metal security door that closes automatically. (Exhibit 2, Harney Dep. 221:6-10.) Shortly thereafter, when he was in the bedroom, he "heard one of the officers say that we had to come out of the bedroom because they didn't know if we had a gun or not. *That was the first indication I knew that they were in the unit.*" (Exhibit 2, Harney Dep. 221:21-24.)

The Court's reliance on the "implied consent" theory applied in *Gerald M.* cannot be squared with the Seventh Circuit's subsequent decisions in *Sparing v. Village of Olympia Fields*, 266 F.3d 684 (7th Cir. 2001) and *Hadley v. Williams*, 368 F.3d 747 (7th Cir. 2004. The Court should therefore reconsider and deny summary judgment on this issue.

## III.  Conclusion

For the reasons above stated, the Court should reconsider and deny summary judgment on plaintiffs' claims involving their arrest without a warrant.

Respectfully submitted,


/s/  <u>Kenneth N. Flaxman</u>
Kenneth N. Flaxman
ARDC 830399
200 S Michigan Ave, Ste 1240
Chicago, Illinois 60604
(312) 427-3200

*Attorney for Plaintiff*

**Exhibit 1**

# SWORN DECLARATION

The undersigned, under penalties of perjury, certifies that the following statements are true:

1.   My name is Timothy L. Harney.   I am one of the plaintiffs in *Harney et al. v. City of Chicago, et al.,* 07 CV 2814.

2.   The front gate to the condominium unit where I lived when I was arrested in May of 2005 is not open to the public. The mail carrier who delivers mail to the condominium unit does not walk past the locked gate to the condominium unit, but delivers mail to a mailbox outside of the gate.

3.   Visitors to the condominium unit cannot freely enter onto the property, but must obtain permission from the residents of that unit (which, at the time of my arrest, included Patricia Muldoon and our son), unless they circumvent the closed gate and fence, as did the officers who arrested me.

Further I state not.

Dated: March 10, 2010

Timothy L. Harney

**Exhibit 2**

Page 221

1    your wife, did you tell the officers, Please stay

2    outside?

3          A.    No.

4          Q.    Did you shut the door and then turn

5    around and walk back?

6          A.    The door closes automatically behind

7    you.

8          Q.    Is it a big, wood door, or is it one

9    of -- like a screen door?

10         A.    It's a metal security door.

11         Q.    And at no time did you say, Please wait

12   right here, I'll be right back?

13         A.    No, I did not.

14         Q.    While you were walking back towards the

15   bedroom or while you were in the bedroom, did you

16   hear them enter?

17         A.    No, I did not.

18         Q.    It was just when you came back, they

19   were inside.

20         A.    When -- when we were in the bedroom,

21   all of a sudden we heard one of the officers say

22   that we had to come out of the bedroom because they

23   didn't know if we had a gun or not.  That was the

24   first indication I knew that they were in the unit.

# CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of March, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:  Greg Adamski, Esq., Adamski & Conti, 100 N LaSalle St, Ste 1720, Chicago, IL 60602, and James McGovern, Spcl Lit Cnsl, 30 N LaSalle St., Ste 1720, Chicago, IL 60602, and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:  none.


/s/ Kenneth N. Flaxman
_____
Kenneth N. Flaxman
ARDC Number 08830399
200 S Michigan Ave, Ste 1240
Chicago, IL 60604-2430
(312) 427-3200 (phone)
(312) 427-3930 (fax)
knf@kenlaw.com (email)